**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

City of Burnsville,                                               Case No. 18-cv-3495-JNE-KMM

       Plaintiff,

v.

Koppers, Inc., et al.,

       Defendants.

---

City of Eden Prairie,                                           Case No. 18-cv-3496-JNE-KMM

       Plaintiff,

v.

Koppers, Inc., et al.,

       Defendants.

---

City of Maple Grove,                                          Case No. 18-cv-3497-JNE-KMM

       Plaintiff,

v.

Koppers, Inc., et al.,

       Defendants.

---

City of White Bear Lake,                                    Case No. 18-cv-3498-JNE-KMM

       Plaintiff,

v.

Koppers, Inc., et al.,

       Defendants.

| | |
|---|---|
| City of Minnetonka, | Case No. 18-cv-3501-JNE-KMM |
| Plaintiff, | |
| v. | |
| Koppers, Inc., et al., | |
| Defendants. | |

| | |
|---|---|
| City of Bloomington, | Case No. 18-cv-3503-JNE-KMM |
| Plaintiff, | |
| v. | |
| Koppers, Inc., et al., | |
| Defendants. | |

| | |
|---|---|
| City of Golden Valley | Case No. 18-cv-3509-JNE-KMM |
| Plaintiff, | |
| v. | |
| Koppers, Inc., et al., | |
| Defendants. | |

| | |
|---|---|
| City of Eagan, | Case No. 19-cv-58-JNE-KMM |
| Plaintiff, | |
| v. | |
| Koppers, Inc., et al., | |
| Defendants. | |

| | |
|---|---|
| City of Apple Valley, | Case No. 19-cv-119-JNE-KMM |
| Plaintiff, | |
| v. | |
| Koppers, Inc., et al., | |
| Defendants. | |
| City of St. Cloud, | Case No. 19-cv-916-JNE-KMM |
| Plaintiff, | |
| v. | |
| Koppers, Inc., et al., | |
| Defendants. | |

**ORDER GRANTING PARTIAL CONSOLIDATION**

The cases captioned above were filed by ten Minnesota cities ("the Cities") against manufacturers and refiners of coal tar products that have allegedly contaminated stormwater ponds, requiring the Cities to incur increased disposal costs. On May 28, 2019, the Court held a hearing on the Cities' motions to consolidate the proceedings.[1] The defendants opposed the motions, but the parties' briefing reveals that they agree some degree of coordination should occur. For example, the parties agree that a master docket should be created, making filings more efficient and the Court's review less burdensome. They also agree that initial disclosures should be coordinated, a uniform protective order should be jointly proposed, and that several aspects of the discovery process should be consistently managed. The defendants opposed the

---

[1] No motion to consolidate was filed in *City of St. Cloud v. Koppers, Inc., et al.*, No. 19-cv-916 (JNE/KMM). However, the plaintiffs' request to consolidate includes all ten of these cases.

motions primarily out of concern that an order stating that the cases are "consolidated" would mean that the defendants would later bear the burden of demonstrating that each case should be tried separately.

Based on the record of all ten cases and the May 28th oral argument, the Court finds that partial consolidation of these cases for pretrial proceedings is appropriate because they share common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Specifically, the Court finds that creation of a master docket and requiring all electronic filings to be made in it will alleviate burdens on both the parties and the Court. However, at this time, the Court does not combine any of these cases for a consolidated trial. Nor does the Court make any specific ruling concerning the proper way to coordinate discovery, motion practice, or other aspects of pretrial case management. The Court has required the parties to meet and confer and, on or before July 12, 2019, to file a Joint Rule 26(f) Report concerning case management and coordination of pretrial procedures. Accordingly, the motions to consolidate[2] are **GRANTED IN PART** and **DENIED IN PART**.

IT IS HEREBY ORDERED THAT:

1. *City of Burnsville v. Koppers, Inc., et al.*, 18cv3495 (JNE/KMM); *City of Eden Prairie v. Koppers, Inc., et al.*, 18cv3496 (JNE/KMM); *City of Maple Grove v. Koppers, Inc., et al.*, 18cv3497 (JNE/KMM); *City of White Bear Lake v. Koppers,*

---

[2]  The motions to consolidate have the following docket entries: *City of Burnsville v. Koppers, Inc., et al.*, 18cv3495 (JNE/KMM) – ECF No. 57; *City of Eden Prairie v. Koppers, Inc., et al.*, 18cv3496 (JNE/KMM) – ECF No. 58; *City of Maple Grove v. Koppers, Inc., et al.*, 18cv3497 (JNE/KMM) – ECF No. 58; *City of White Bear Lake v. Koppers, Inc., et al.*, 18cv3498 (JNE/KMM) – ECF No. 57; *City of Minnetonka v. Koppers, Inc., et al.*, 18cv3501 (JNE/KMM) – ECF No. 57; *City of Bloomington v. Koppers, Inc., et al.*, 18cv3503 (JNE/KMM) – ECF No. 58; *City of Golden Valley v. Koppers, Inc., et al.*, 18cv3509 (JNE/KMM) – ECF No. 56; *City of Eagan v. Koppers, Inc., et al.*, 19cv58 (JNE/KMM) – ECF No. 56; *City of Apple Valley v. Koppers, Inc., et al.*, 19cv119 (JNE/KMM) – ECF No. 56.

*Inc., et al.*, 18cv3498 (JNE/KMM); *City of Minnetonka v. Koppers, Inc., et al.*, 18cv3501 (JNE/KMM); *City of Bloomington v. Koppers, Inc., et al.*, 18cv3503 (JNE/KMM); *City of Golden Valley v. Koppers, Inc., et al.*, 18cv3509 (JNE/KMM); *City of Eagan v. Koppers, Inc., et al.*, 19cv58 (JNE/KMM); *City of Apple Valley v. Koppers, Inc., et al.*, 19cv119 (JNE/KMM); and *City of St. Cloud v. Koppers, Inc., et al.*, 19cv916 (JNE/KMM), shall be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as stated in this Order. Upon the filing of the parties' Joint Rule 26(f) Report, the Court will hold an initial pretrial conference to discuss all aspects of case management.

2. All orders, pleadings, motions, and other documents served or filed in this Consolidated Action shall have the caption: "*In Re Municipal Stormwater Pond Coordinated Litigation*," Case No. 18-cv-3495. The other nine cases, 18cv3496 (JNE/KMM); 18cv3497 (JNE/KMM); 18cv3498 (JNE/KMM); 18cv3501 (JNE/KMM); 18cv3503 (JNE/KMM); 18cv3509 (JNE/KMM); 19cv58 (JNE/KMM); 19cv119 (JNE/KMM); and 19cv916 (JNE/KMM), will remain open but all filings will take place in the Consolidated Action. The Clerk of Court is directed to add all the parties and their attorneys from Case Nos. 18cv3496 (JNE/KMM); 18cv3497 (JNE/KMM); 18cv3498 (JNE/KMM); 18cv3501 (JNE/KMM); 18cv3503 (JNE/KMM); 18cv3509 (JNE/KMM); 19cv58 (JNE/KMM); 19cv119 (JNE/KMM); and 19cv916 (JNE/KMM), to the docket for newly renamed *In Re Municipal Stormwater Pond Coordinated Litigation*, Case No. 18cv3495 (JNE/KMM). All *pro hac vice* admissions made in all of the consolidated cases are valid for *In Re*

*Municipal Stormwater Pond Coordinated Litigation*, Case No. 18cv3495 (JNE/KMM).

3. As of the date of this Order, all documents will be filed in Civil No. 18cv3495 (JNE/KMM) *In Re Municipal Stormwater Pond Coordinated Litigation*. The files in this Consolidated Action will be maintained under Master File No. 18cv3495 (JNE/KMM) *In Re Municipal Stormwater Pond Coordinated Litigation*, and all future orders, pleadings, motions and other documents when docketed in the Master file shall be deemed to also be filed and docketed in the related files. When any pleading is filed, it must specify in the caption that it is either filed as to all of the consolidated matters or as to a single case, which must be specified.

4. When the Court issues a scheduling order, it will be issued only in the master consolidated docket, but will govern all of these related matters.

Date: June 14, 2019                    *s/Katherine Menendez*
                                        Katherine Menendez
                                        United States Magistrate Judge