

**Michael C. McCarthy**
Direct Dial: 612.672.8347
Direct Fax: 612.642.8347
mike.mccarthy@maslon.com

January 29, 2020

**FILED AND SERVED VIA ECF ONLY**

Honorable Judge Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Municipal Stormwater Pond Coordinated Litigation*, Case No. 18-cv-3495

Dear Judge Ericksen:

Defendant Koppers Inc. ("Koppers"), joined by Refiner Defendants Ruetgers Canada, Inc., and Stella-Jones Corp., submit this letter in response to Plaintiffs' request for leave to bring a motion for reconsideration of the Court's December 21, 2019 Order (ECF 221).

Plaintiffs first argue the Court improperly dismissed their tort claims against the Refiner Defendants. But Plaintiffs do not identify any manifest error of law or newly discovered evidence that warrant permitting a motion for reconsideration. Plaintiffs merely reiterate the allegations in their Amended Complaint and identify disagreements with the Court's legal conclusions.[1]

The Court correctly concluded that the allegations in Plaintiffs' Amended Complaint, including those quoted and cited in Plaintiffs' letter, are insufficient to create a duty of care on the part of the Refiner Defendants. (ECF 206, at 10.) In determining whether a manufacturer has a legal duty to bystanders like Plaintiffs, the court "goes to the event causing the damage and looks back to the alleged negligent act. If the connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty and consequently no liability." *Germann v. F.L. Smithe Mach. Co.*, 395 N.W.2d 922, 924 (Minn. 1986); *see also Lammle v. Gappa Oil Co., Inc.*, No. A08-0582, 2009 WL 67438, at *4 (Minn. Ct. App. Jan. 13, 2009) ("[P]ublic policy does not support imposing a duty on wholesale [propane] suppliers with respect to every conceivable explosion that could occur at any point in the supply chain."). In their request, Plaintiffs claim to substantiate their allegation that Refiner Defendants produced refined coal tar for use in, among other things, pavement sealants. This is the very allegation that the Court examined and found wanting. (ECF

---

[1] Plaintiffs also submit exhibits that they contend substantiate their existing allegations, but they do not seek, or purport, to make any new allegations. Plaintiffs' request for leave to file a motion for reconsideration is predicated on the allegations the Court has already addressed. And the Court's ruling did not turn on whether Plaintiffs' allegations were substantiated, so Plaintiffs' exhibits, even if properly before the Court, do not support Plaintiffs' request.

Hon. Joan N. Ericksen
January 29, 2020
Page 2

206, at 10.) And it is insufficient, from both a foreseeability and causation perspective, to survive under Rule 12. Taking Plaintiffs' allegations as true, including allegations regarding the Refiner Defendants' membership in PCTC, the Court correctly concluded that the alleged connections between PAHs in Plaintiffs' stormwater ponds and the Refiner Defendants' production of refined coal tar are too attenuated to create a duty on the part of the Refiner Defendants to Plaintiffs.

With respect to the Court's dismissal of Plaintiffs' implied warranty claim, Plaintiffs assert that they qualify as third-party beneficiaries of the Refiner Defendants' implied warranties under Minnesota's Uniform Commercial Code ("U.C.C."), an argument Plaintiffs did not raise in their opposition memorandum (*see* ECF 148) and which is unsupported by the allegations in their Amended Complaint (*see* Am. Compl. ¶¶ 203-219). But even if Plaintiffs' theory were properly raised and adequately alleged, it cannot save their warranty claim from dismissal for the same reasons their other products liability claims fail. Plaintiffs cannot qualify as third-party beneficiaries under the U.C.C. because the relationship between Plaintiffs and the Refiner Defendants is too remote. *See, e.g., Indus. Graphics, Inc. v. Asahi Corp.*, 485 F. Supp. 793, 807 (D. Minn. 1980). Indeed, in the opinion cited by Plaintiffs, the Minnesota Supreme Court expressly warns against the type of expansion of warranty liability that Plaintiffs advocate for here. *See 3M v. Nishika Ltd.*, 565 N.W.2d 16, 21 (Minn. 1997).

Finally, with respect to dismissal of the fraud claims, Plaintiffs assert that because the Court concluded Defendants' allegedly fraudulent statements met the particularity requirements of Fed. R. Civ. P. 9(b), those statements cannot be protected speech under the First Amendment. Plaintiffs conflate the particularity requirements of Rule 9(b) and the requisite elements to state a claim for fraudulent concealment and fraudulent misrepresentation. The purpose of Rule 9(b) is to enable the defendant to respond specifically and quickly to the potentially damaging allegations. *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). Whether an alleged statement is sufficiently specific to satisfy Rule 9(b) has no bearing on whether or not the statement is protected by the First Amendment. Perhaps more importantly, the Court concluded that the allegedly fraudulent statements constituted non-actionable puffery, a conclusion Plaintiffs do not challenge. *See* ECF 206, at 6-7 (finding that only statements attributed to Defendants are "non-actionable puffery"). Plaintiffs also contend that their fraud allegations do not require affirmative misrepresentations, but that is only true if a defendant has a duty to speak. *See Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 850 N.W.2d 682, 695-96 (Minn. 2014). Plaintiffs have not established that the Defendants had such a duty.

In sum, Plaintiffs' submission does not satisfy the standard for reconsideration found in Local Rule 7.1(j), and their request should therefore be denied.

Respectfully submitted,

s/Michael C. McCarthy

Michael C. McCarthy