## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Municipal Stormwater Pond Coordinated Litigation | No. 18-cv-3495-JNE-KMM |
| This filing relates to: ALL ACTIONS | **ORDER** |

This matter is before the Court on the Plaintiffs' motion for leave to file a Second Amended Complaint. ECF 296. As explained below, the Plaintiffs' motion is denied.

## I.    Background

The Plaintiffs in this consolidated proceeding are several Minnesota cities that claim they have incurred substantial remediation costs addressing contamination in their municipal stormwater ponds. The Defendants are manufacturers ("Manufacturer Defendants") and refiners ("Refiner Defendants") of coal tar products that allegedly contaminated the cities' stormwater ponds. The products at issue are pavement sealants derived from refined coal tar, which are applied to roads and parking areas. These have purportedly degraded over time, releasing harmful chemicals into the Plaintiffs' stormwater ponds. The first complaints were filed in late 2018 and the cases were later consolidated for coordinated pretrial management. The operative pleading is the First Amended Complaint. ECF 53.[1]

---

[1]    Though the cases have been consolidated for more efficient case management, at this stage each member case has its own operative pleading. There is no single, consolidated complaint, but the Plaintiffs suggest that a substantially identical proposed Second Amended Complaint could be filed in each of the related cases if the motion to amend is granted.

### *Dismissal Orders and Reconsideration Requests*

In May 2019, both the Manufacturer and Refiner Defendants moved to dismiss the Plaintiffs' First Amended Complaint. Two Refiner Defendants (Lone Star and Stella-Jones) and two Defendants that allegedly manufacture and refine coal tar (Coopers Creek and Beazer) moved to dismiss the claims against them for lack of personal jurisdiction. ECF 103, 109, 122, 123. On November 25, 2019, the District Court granted the motions filed by Lone Star, Coopers Creek, and Beazer, but denied the motion filed by Stella Jones. The District Court found personal jurisdiction over Stella Jones because it consented to jurisdiction but noted that the issue may be appropriate for certification to the court of appeals under 28 U.S.C. § 1292(b). ECF 204.

Plaintiffs then sought leave to file a motion to reconsider the dismissal of Beazer, Lone Star, and Coopers Creek. Along with the request, the Plaintiffs provided the District Court several exhibits purporting to establish that the dismissed Defendants had the requisite contacts with Minnesota to support a finding of jurisdiction. ECF 205 & 205-1 (Exs. 1–12). The District Court denied the request. ECF 215.

On December 20, 2019, the District Court issued another Order granting in part and denying in part the remaining Defendants' joint motion to dismiss for failure to state a claim. ECF 206. The Amended Complaint identified the Refiner Defendants as Koppers, Ruetgers Canada, Rain Carbon, and Stella Jones, and the Manufacturer Defendants as Bonsal American, Specialty Technology and Research, Vance Brothers, and The Brewer Company *Id.* at 1–2 n.3. The Court found that Plaintiffs failed to state strict liability claims regarding a design defect (Count 1) and failure to warn (Count 2) against the Refiner Defendants. *Id.* at

14, ¶ 2. The Order did not dismiss those claims—design defect (Count 3), or failure to warn (Count 4)—as asserted against the Manufacturer Defendants. Similarly, the District Court dismissed the negligence claim (Count 8) against the Refiner Defendants, but not against the Manufacturer Defendants. *Id.* at 14, ¶ 4. And the Court dismissed the following claims against all Defendants: breach of implied warrant of merchantability (Count 5), trespass (Count 6), nuisance (Count 7), and consumer fraud (Count 9). *Id.* at 14 ¶¶ 3, 5.

Both sides sought to revisit this ruling. The Manufacturer Defendants requested reconsideration of the Court's conclusion that some claims could go forward against them. ECF 220. They argued that the District Court had not addressed a global causation argument. *Id.* The Plaintiffs also asked for permission to file a motion for reconsideration. ECF 221. In support of their request, the Plaintiffs pointed to the allegations in the First Amended Complaint, which they believe provided adequate support for their claims against the Refiner Defendants that were dismissed, including their design-defect, failure-to-warn, and negligence claims. *Id.* at 1. In addition, the Plaintiffs pointed to statements on Koppers's website and documentary evidence concerning the Refiner Defendants' membership in the Pavement Coating Technology Council ("PCTC"). *Id.* at 1–2. The Plaintiffs further argued that their breach-of-warranty-of-merchantability claims should not have been dismissed based on Minn. Stat. § 336.2-318. *Id.* at 2. Finally, the Plaintiffs suggested that their fraud claims should not have been dismissed because the allegedly false statements were not protected First Amendment speech. *Id.*

On February 4, 2020, the District Court denied all the requests for permission to file motions for reconsideration except one. ECF 252. The Court explained that neither party

had addressed the impact of § 336.2-318 on the Plaintiffs' breach-of-implied-warranty-of-merchantability claims in their briefing. *Id.* at 1–2. The District Court ultimately granted the Plaintiffs' motion for reconsideration as to that claim against the Manufacturer Defendants. ECF 282. None of the other claims was reinstated.

### The Motion to Amend

On April 14, 2020, this Court issued an Amended Pretrial Scheduling Order which, in relevant part, extended the time for filing a motion to amend the pleadings until February 2, 2021. ECF 278. More than a year after the District Court's dismissal orders, but within the time for making a motion to amend, the Plaintiffs filed the pending motion seeking leave to file their proposed Second Amended Complaint ("SAC"). ECF 296. The proposed SAC includes the same list of counts that were in the Amended Complaint, including the counts that the District Court dismissed with prejudice for failure to state a claim. It also includes claims against Defendants who were dismissed from the litigation for lack of personal jurisdiction.

The proposed SAC includes several new and amended paragraphs setting forth some additional factual allegations they believe support all of their claims. The Plaintiffs acknowledge that these new facts duplicate those presented to the District Court in connection with their request for reconsideration of the personal jurisdiction ruling. ECF 297 at 3, 11. The Plaintiffs also admit that other new allegations mirror the facts presented to the District Court in connection with their request for reconsideration of the December 20, 2019 decision dismissing claims against the Refiner Defendants on Rule 12(b)(6) grounds. Specifically, the proposed amendments seem designed to address the District Court's

conclusion that their injuries were too attenuated from the Refiner Defendants' conduct. *Id.* at 3–4, 10–11.

Still other new allegations in the proposed SAC are intended to address the District Court's conclusions that the Refiner Defendants could not have foreseen the Plaintiffs' injuries. *Id.* at 10. Finally, the Plaintiffs' proposed amendment seeks to address the District Court's doubts that there was an agency relationship between the dismissed Defendants and the PCTC. *Id.* at 11–12. Plaintiffs state that they "seek to add these facts to the complaint only to make certain their alleged facts are clear and appropriately preserved in the record." *Id.* at 8; *see also id.* at 9 (stating that the Plaintiffs' purpose for amendment is to provide the specific facts presented to the District Court in connection with their requests for reconsideration "within the complaint itself to ensure a clear record.").

### The Hearing

On February 24, 2021, this Court held a hearing on the motion to amend. ECF 321. The Court expressed concern that the Plaintiffs' motion was foreclosed by the fact that the same information had been submitted in connection with reconsideration requests that the District Court had denied more than a year ago. *Id.* at 6–7. In part, the Plaintiffs suggested that it was not clear from the ruling on the requests for reconsideration that the District Court had considered the additional facts the Plaintiffs provided, though Plaintiffs stopped short of claiming that the District Court did not review those materials. *Id.* at 8–10. Plaintiffs acknowledged that they did not previously move to amend their complaint following the District Court's dismissal orders and that their amendments are not based on any new information that they have learned during discovery. *Id.* at 11.

Ultimately, Plaintiffs agreed with this Court's characterization that they are seeking leave to amend so that the proposed Second Amended Complaint will be made part of the record for the pending request for an interlocutory appeal to the Eighth Circuit. *Id.* at 13–14; *see also id.* at 21 ("We certainly did bring the motion to clean up the record for appeal."). In fact, Plaintiffs suggested that although the proposed Second Amended Complaint includes claims that have been dismissed with prejudice and allegations aimed at various Defendants who have been dismissed from the litigation, granting leave to file that pleading would not, in fact, reinstate any dismissed claims or bring any dismissed Defendants back into the litigation. *Id.* at 14–23. Plaintiffs' counsel suggested that the proposed amendment would not, on its own, add either claims or defendants. But counsel also suggested that allowing the amendment could create the potential to persuade the District Court to revisit the prior dismissal rulings at some later point in the litigation. *Id.* at 22.

## II.   Discussion

The standards generally applicable to amendment of pleadings are familiar. Federal Rule of Civil Procedure 15 provides, in relevant part, that the Court should freely give a plaintiff leave to amend a complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2). But the right to amend a complaint is not absolute. *See U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Courts will deny leave to amend under Rule 15 when an amendment will cause or is the result of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

Though this standard and its application are often straightforward, the circumstances of this case present an odd fit. The rules governing amendment presuppose that a party's proposed amended complaint will become the operative pleading in the case, but the Plaintiffs have disavowed that is the purpose of their motion. They suggest that a number of the claims within the proposed SAC and against several Defendants who have been dismissed will not be reintroduced if leave to amend is allowed. Plaintiffs have not pointed to any case where amendment has been permitted under similar circumstances and this Court is unaware of any case where a plaintiff has been permitted leave to file a complaint that, in large part, has no practical effect. The very notion is contrary to the rather definitive rule that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Amendment of pleadings is liberally permitted to ensure that if a plaintiff's allegations "may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 317 U.S. 178, 182 (1962). But here Plaintiffs take the position that their Second Amended Complaint will not truly supersede the First Amended Complaint and their stated purpose for seeking leave to amend is not to give them an opportunity to test their previously dismissed claims on the merits.

Here, Plaintiffs seek leave to file a record-clarifying placeholder that they believe will be useful to the Eighth Circuit Court of Appeals if their pending request for an interlocutory appeal is granted and may be "persuasive" to the District Court for future requests at reconsideration. But the record has already been clarified and, even if tidying up a record for appeal is a valid reason to permit amendment, granting the motion to amend here does not

advance that goal. Plaintiffs have acknowledged that everything within the proposed SAC was already part of the record, so it is questionable whether adding the proposed SAC to the docket was necessary at all to make the record clearer or more complete for appeal. Moreover, by filing the motion to amend, the proposed SAC is now part of the record. Thus, it is difficult to see what is to be gained by the Court permitting an amended complaint that Plaintiffs believe will change nothing about the scope of the litigation and that they do not even intend to prosecute. The Court declines to grant leave to amend for an unnecessary purpose.

Despite disavowing that the amendment Plaintiffs seek will really matter, the Plaintiff point to no authority for the Court to allow an illusory amendment. The Court is left with the reality that granting the Plaintiffs' motion would, in fact, make the proposed SAC the operative pleading. Plaintiffs concede that the proposed SAC repeats the facts provided to the District Court in support of their requests for reconsideration of the dismissal orders. Making the proposed SAC the operative pleading would therefore reintroduce claims the District Court has dismissed with prejudice and reinstate claims against Defendants over whom the District Court has concluded there is no personal jurisdiction. It would also not only contradict the District Court's dismissal orders, but it would effectively put this Court in the position of reconsidering the very requests for reconsideration the District Court has already denied. Setting aside the obvious point that this Court lacks the power to do either, the Court declines to take such a step because it would make a mockery of case management.

Viewed through the appropriate lens, at least one of the traditional bases for denying leave to amend comes into focus—undue prejudice to the non-movants. If the Court were to grant the Plaintiffs' motion, Defendants would undoubtedly move to dismiss the newly filed amended pleading. Another round of briefing would ensue, albeit one that resembles the arguments already presented. And ultimately the District Court would enter another dismissal order carving this case back down to the exact shape it is in today. The Plaintiffs offered no reason in their supporting memorandum or at the hearing on the motion to amend to believe that the outcome of this process would be any different. It would be unfairly prejudicial to require the Defendants to go through such an exercise only for the litigation to end up in the same place. Even one round of such a Sisyphean task in this case is too many.

## III.   Order

For the foregoing reasons, the Plaintiffs' motion to amend **(ECF 296)** is **DENIED**.

Date: March 8, 2021

_s/Katherine Menendez_
Katherine Menendez
United States Magistrate Judge